**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6797**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JEFFREY A. MARTINOVICH,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Arenda L. Wright Allen, District Judge. (4:12-cr-00101-AWA-RJK-1; 4:18-cv-00028-AWA)

Submitted: January 17, 2020                               Decided: April 7, 2020

Before AGEE, DIAZ, and FLOYD, Circuit Judges.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

Jeffrey A. Martinovich, Appellant Pro Se. Brian James Samuels, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey A. Martinovich appeals from the district court's order denying his 28 U.S.C. § 2255 (2018) motion. We previously granted a certificate of appealability (COA) on the following issues: whether Martinovich received ineffective assistance of counsel when his attorney failed to object to (1) judicial interference at trial and (2) testimony regarding the Financial Industry Regulation Authority's ("FINRA") investigation into and settlement with Martinovich. A COA was denied as to all other claims. After further briefing, we affirm the district court's order rejecting the two listed claims. We dismiss the remainder of the appeal.

Martinovich alleges that his trial attorney rendered ineffective assistance. To succeed on his claims, Martinovich must show that (1) counsel's performance was constitutionally deficient and (2) such deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the performance prong, Martinovich must demonstrate that counsel's performance fell below an objective standard of reasonableness under "prevailing professional norms." *Id.* at 688. In assessing counsel's conduct, we evaluate it "from counsel's perspective at the time" and apply "a strong presumption that counsel's representation was within the wide range of reasonable professional assistance in order to eliminate the distorting effects of hindsight." *Christian v. Ballard*, 792 F.3d 427, 443 (4th Cir. 2015) (internal quotation marks and citation omitted). "In all cases, the [movant's] burden is to show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.* (internal quotation marks omitted). To satisfy the prejudice prong,

2

Martinovich must demonstrate that "there is a reasonable probability that, but for [trial] counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Martinovich first argues that his counsel was ineffective for failing to object to the trial court's interference in the trial. We conclude that, even if counsel was ineffective for failing to object to the trial court's "ill-advised comments and interference," *United States v. Martinovich,* 810 F.3d 232, 239 (4th Cir. 2016), Martinovich has failed to show prejudice. We found on direct appeal that the trial court's errors were not prejudicial under plain error review given the trial court's curative instruction that the court's opinions were not important, the "overwhelming" evidence, the split verdict, and counsel's failure to object. *Id.* at 240-42.

Martinovich contends that there is overwhelming evidence of his innocence and provides his own statement of the case. Of course, this is not "evidence" and does not analyze the trial evidence in light of the alleged errors of counsel and the trial court. Martinovich testified in front of the jury, presenting his version of the facts, and the jury rejected it, at least in part. *See id.* at 237-38 (noting that jury convicted on some counts, acquitted on some counts, and was unable to reach a verdict as to some counts). Moreover, we have already considered the evidence in this case and found it "overwhelming." *Id.* at 240-42. In addition, the fact that the jury acquitted Martinovich of certain counts and failed to reach verdicts on other counts supports the conclusion that the jury was not swayed by any of the trial court's statements and instead carefully focused on the evidence. We find

3

that, because Martinovich failed to meet his burden of showing prejudice, the district court correctly rejected this claim.

Turning to the FINRA claim, Martinovich entered into a settlement agreement with FINRA, agreeing to surrender his license. However, he did not "admit or deny the allegations." The parties agreed that "they may reference the FINRA investigation"; however, "in an abundance of caution," the parties further agreed not to "reference the settlement agreement." The parties were concerned that such evidence might run afoul of Fed. R. Evid. 408(a)(1), which prohibits conduct and statements made during compromise negotiations.

Martinovich asserts that his attorney was ineffective for failing to object or move for a mistrial, when a Government witness testified that he knew that Martinovich's brokerage firm was shut down because the witness received a letter from FINRA stating that FINRA was revoking Martinovich's license. Martinovich also asserts that his attorney should have objected to the trial court's attempt at a curative instruction, whereby the court said that

> [a]ny investigation by any other entity or body is not before you and, therefore, should thought be considered in this case. That's not to say that -- just what that investigation is or was not is not to be considered by you. However, you may consider the fact that the defendant's organization was put out of business -- was out of business. What caused that is not before you.

Martinovich also contends that the lack of objection caused the later denial of his motion for a new trial.

Throughout the trial, Martinovich's counsel (and Martinovich, in his testimony) attempted to portray Martinovich as a victim of the economic downturn, contending that

4

his firm closed on this basis. It appears counsel's strategy was to discuss the "results" of the FINRA investigation, without tying them to the investigation, in order to blame this result on forces and people aside from Martinovich. The stipulation expressly permitted discussion of the fact of the investigation itself, and that fact was before the jury when Martinovich's counsel used evidence from the investigation to impeach witnesses. Thus, Martinovich does not challenge the admission of the fact of the investigation or the admission of the results of the investigation; instead, he challenges the admission of causation, that is, that the investigation caused the results. However, while counsel did not object at the time of the testimony, he did raise the issue with the court the next day and requested a curative instruction. Counsel received a curative instruction, albeit not exactly the one requested. He later moved for a new trial on this basis. Affording counsel the deference due, we conclude that his actions were not unreasonable. Moreover, Martinovich has not shown how he was prejudiced by a single sentence tying the results to the investigation, in light of the trial court's curative instruction and the overwhelming evidence against Martinovich. As such, we affirm the district court's rejection of this claim.

For the foregoing reasons, we affirm the district court's order with regard to the two claims for which a COA was granted. We dismiss the remainder of the appeal. While we deny Martinovich's motion to strike the Government's brief and dismiss his motions for bail or release pending appeal as moot, we grant Martinovich's motion for leave to file a reply to the Government's response. We dispense with oral argument because the facts

and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART; DISMISSED IN PART*